**FILED**

2026 Jul-13  PM 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **ALVARO TEPEC-GARCIA,** | ] |
| | ] |
| **Petitioner,** | ] |
| | ] |
| **v.** | ] **Case No. 5:26-cv-1175-ACA-GMB** |
| | ] |
| **WARDEN, et al.,** | ] |
| | ] |
| **Respondents.** | ] |

## <u>MEMORANDUM OPINION AND ORDER</u>

Petitioner Alvaro Tepec-Garcia filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from United States Immigration and Customs Enforcement's ("ICE") custody or, alternatively, an individualized bond hearing. (Doc. 1). His petition asserts four causes of action: (1) violation of 8 U.S.C. §§ 1225 and 1226(a) ("Count One"), (2) violation of his Fifth Amendment substantive due process rights ("Count Two"), (3) violation of his Fifth Amendment procedural due process rights ("Count Three"), and (4) violation of the class-wide judgment in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025) ("Count Four"). (*Id.* ¶¶ 21–51). The court **WILL GRANT IN PART** and **DENY IN PART** Mr. Tepec-Garcia's petition.

## I.    BACKGROUND

Mr. Tepec-Garcia is a native and citizen of Mexico. (Doc. 1 ¶ 11; doc. 1-2). In 2001, he entered the United States without admission, inspection, or parole. (Doc. 1 ¶ 15). Mr. Tepec-Garcia has lived in the United States since 2001 and has not left the country since his entry. (*Id.* ¶ 16). On July 7, 2026, ICE officials detained Mr. Tepec-Garcia. (*Id.* ¶ 17). He has been detained in Etowah County Jail since that date. (Doc. 1-2; doc. 6-1).

## II.    DISCUSSION

### 1. Proper Respondent

Mr. Tepec-Garcia filed his § 2241 petition against the warden of the Pickens County Jail, the warden of Etowah County Jail, and Charles Anderson, an ICE field director. (Doc. 1 at 1). Before considering the merits of Mr. Tepec-Garcia's petition, the court must dismiss all claims against the warden of the Pickens County Jail.

A district court may grant relief against a properly named respondent in a § 2241 petition. *Braden v. 30th Jud. Cir. Ct. of Ky*, 410 U.S. 484, 495 (1973). And the proper respondent in a § 2241 action is the custodian with control over the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). For the entirety of this action, Mr. Tepec-Garcia has been detained at Etowah County Jail. (Doc. 1-2; doc. 6-1). So the warden of the Pickens County Jail is not a proper respondent. The court **DISMISSES** all claims against him.

2. Count One

Mr. Tepec-Garcia's petition argues that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). (Doc. 1 ¶¶ 21–33). Respondents concede that both assertions are correct under binding precedent. (Doc. 6 at 5–7); *see Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026) ("The INA's text confirms that the two relevant sections on detention govern distinct classes of aliens: § 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior."). So Mr. Tepec-Garcia is detained under § 1226(a), and is entitled to seek a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). Accordingly, the court **WILL GRANT** Mr. Tepec-Garcia's petition on Count One.

Mr. Tepec-Garcia's petition also seeks immediate release. But § 1226 provides for a bond hearing, not release. Mr. Tepec-Garcia also requests that the court enter an order enjoining his transfer out of Etowah County Jail. (Doc. 1 at 18). But Mr. Tepec-Garcia's petition fails to present any argument as to why he is entitled to this injunctive relief. (*See generally* doc. 1); *see Ramirez v. Collier*, 595 U.S. 411, 421 (2022) (explaining that a person seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

3

absence of [injunctive] relief, that the balance of equities tip in his favor, and that an injunction is in the public interest."). Accordingly, the court **WILL DENY** this relief.

Because the court grants Mr. Tepec-Garcia's writ of habeas corpus to the extent he seeks an order requiring an individualized bond hearing, the court will not address whether Mr. Tepec-Garcia's other claims require this relief. But Mr. Tepec-Garcia also seeks immediate release. (Doc. 1 at 18). As such, the court will determine whether he is entitled to immediate release under his remaining claims.

3. Count Two

Mr. Tepec-Garcia argues that his detention violates his fundamental right to be free from confinement. (Doc. 1 ¶¶ 35–38). Respondents argue that Mr. Tepec-Garcia's detention during a deportation proceeding is constitutionally valid. (Doc. 6 at 8). Mr. Tepec-Garcia challenges an executive action: his detention by ICE. *See Littlejohn v. Sch. Bd. of Leon Cnty.*, 132 F.4th 1232, 1239, 1242–43 (11th Cir. 2025); (Doc. 1 ¶¶ 17–19, 34–38). So he is entitled to relief "if the action shocks the conscience." *Littlejohn*, 132 F.4th at 1239 (quotation marks omitted). "[O]nly the most egregious official conduct" violates substantive due process. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

Section 1226 permits the Executive Branch to detain an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C.

4

§ 1226(a). And "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). Although in a different context, the Supreme Court has approved longer detentions. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that a six-month period of detention of an alien who had been ordered removed was presumptively constitutional). Mr. Tepec-Garcia has been detained since July 7, 2026. (Doc. 1 ¶ 17). Based on the court's order, he will receive an individualized bond hearing by July 20, 2026. The court cannot conclude that the detention of an alien who is unlawfully in the country for less than two weeks with no bond hearing "shocks the conscience." So the court **WILL DENY** Count Two.

4.   Count Three

Count Three alleges that Mr. Tepec-Garcia's detention without a bond hearing violates his procedural due process rights. (Doc. 1 ¶¶ 40–45). Mr. Tepec-Garcia seeks only a bond hearing under this claim. (*See id.* ¶ 43). Respondents argue that Mr. Tepec-Garcia's bond hearing will provide him with adequate notice and an opportunity to be heard. (Doc. 6 at 8–10). The court agrees with Respondents.

For an alien's entitlement to due process, the Supreme Court has distinguished between those physically present in the United States and those "on the threshold of initial entry." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *Zadvydas*, 533 U.S. at 693 ("[O]nce an alien enters the country, the legal

circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."). Because Mr. Tepec-Garcia has been physically present in the United States for twenty-five years and has never been paroled or admitted, the Due Process Clause applies to him. *Id.*; *see also Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings."); (Doc. 1 ¶¶ 15–16). Consequently, Respondents may not deny Mr. Tepec-Garcia notice and an opportunity to be heard. *See Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903).

Mr. Tepec-Garcia does not argue that he is entitled to process beyond the bond hearing that the court grants. (Doc. 1 ¶¶ 39–45). Accordingly, because Mr. Tepec-Garcia does not seek immediate release based on an alleged procedural due process violation, the court does not grant him any further relief than that already ordered. So the court **WILL GRANT** Count Three to the extent Mr. Tepec-Garcia seeks a bond hearing and **WILL DENY** Count Three to the extent he seeks immediate release.

    5.  Count Four

Count Four alleges that Respondents violated a binding, class-wide judgment issued by the Central District of California in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025). (Doc. 1 ¶¶ 46–51). But on March 6, 2026, the Ninth Circuit

entered an administrative stay of the order "insofar as the district court's judgment extends beyond the Central District of California." *See Maldonado Bautista v. Dep't of Homeland Sec.*, No. 26-1044, Doc. 5.1 at 1 (9th Cir. Mar. 6, 2026). On March 31, the court grant the government's motion to stay the district court's pending appeal because the government had "made a strong showing that it is likely to succeed on its position that the district court exceeded its jurisdiction in certifying a nationwide class." *See Maldonado Bautista v. Dep't of Homeland Sec.*, No. 26-1044, Doc. 17.1 at 2 (9th Cir. Mar. 31, 2026).  Accordingly, the court **WILL DENY** Count Four.

### III.    CONCLUSION

For the reasons above, the court **WILL GRANT IN PART** and **DENY IN PART** Mr. Tepec-Garcia's § 2241 petition.

The court **GRANTS** the petition based on Count One. The court **ORDERS** the respondents to either (1) provide Mr. Tepec-Garcia an individualized bond hearing **on or before July 20, 2026** or (2) release him from custody. Subjecting Mr. Tepec-Garcia to mandatory detention is unlawful; therefore, if Respondents are unable to ensure a timely and meaningful bond hearing that Mr. Tepec-Garcia is entitled to under § 1226(a), they must release him under reasonable conditions of supervision. Mr. Tepec-Garcia's counsel must receive at least forty-eight hours' notice of the hearing, but only if he enters his appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.

The court **DIRECTS** Respondents to file a notice **on or before July 23, 2026** reporting on the results of the individualized bond hearing or informing the court that Mr. Tepec-Garcia has been released from custody.

The court **DENIES** all remaining requested relief.

The court retains jurisdiction to effectuate this order. The court **DIRECTS** the Clerk to enter judgment in Tepec-Garcia's favor and close this file. The court will enter a separate final judgment consistent with this opinion.

**DONE** and **ORDERED** this July 13, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE